# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

WILBERT LEZELL JOHNSON                                                                    PLAINTIFF
ADC #84494

v.                                        1:15CV00081-BSM-JJV

BAKER, Sergeant, Grimes Unit; *et al.*                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing (if such a hearing is granted) was

not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

**I.     INTRODUCTION**

Wilbert Lezell Johnson ("Plaintiff") brings this action *pro se* and pursuant to 42 U.S.C. § 1983. (Doc. No. 5.) He alleges that Defendants violated his constitutional rights by denying him adequate process during prison disciplinary proceedings. (*Id*. at 11-14.) I find, after review of his allegations, that he has failed to state any claim upon which relief may be granted.

**II.    SCREENING**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such

relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

### III.   ANALYSIS

At the outset, I note that Plaintiff makes numerous allegations of inadequate mental health care against a physician named Richard. (Doc. No. 5 at 6-7.) He has not named Dr. Richard as a Defendant to this action, however. Instead, he appears to be pursuing those claims in a separate case. *See Johnson v. Richard, et al.*, 1:15-CV-00056-JM-JTK. Given that he has not alleged any of the Defendants in this action have been involved in his mental health care, I will not consider these claims.

Plaintiff argues that his due process rights were violated when: (1) a grievance he submitted received no response; (2) he was not taken to disciplinary court within seven days

of being charged with a disciplinary violation; (3) he was not afforded an opportunity to attend his disciplinary hearing when it occurred; (4) he was convicted of the violation, reduced in class, and sentenced to thirty days in punitive isolation; and (5) his disciplinary appeal was denied. (Doc. No. 5 at 11-14.)

First, it is well established that prison grievance procedures does not confer any substantive rights on inmates. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). As such, the failure to properly process Plaintiff's grievance did not give rise to a constitutional violation. *Id*. Additionally, to the extent Plaintiff alleges that his rights were violated by Defendants' denial of his grievances,[1] those claims must also fail. Responding to a grievance, even with a denial, does not establish a violation of Plaintiff's rights. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002).

Turning to the alleged inadequacies of Plaintiff's disciplinary hearing, precedent establishes that due process is implicated only where an inmate can show that he was deprived of a protected liberty interest. Such a showing can be accomplished by alleging that he was subject to restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Here, Plaintiff alleges that as a result of his conviction, he was sentenced to thirty days of punitive isolation and a loss of class. (Doc. No. 5 at 13-14.) Courts have held that

---

[1]Plaintiff alleges that Defendant Griffin denied a grievance appeal on January 29, 2015. (Doc. No. 5 at 9.) He claims that Defendant Marvin Evans denied a grievance related to his disciplinary charges on January 28, 2015. (*Id*. at 12.) A separate grievance was allegedly denied by Defendant Faust on January 14, 2015. (*Id*.)

such sentences do not implicate an atypical and significant hardship. *See Kennedy v. Blankenship*, 100 F.3d 640 (8th Cir. 1996) (demotion within Arkansas prison system from administrative segregation to punitive isolation for 30-day sentence, with loss of telephone, visitation and commissary privileges, is not a "dramatic departure from the basic conditions of confinement"); *see also Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990) (inmates have no right to any particular class status). Moreover, any claim based solely on Defendants' failure to follow Arkansas Department of Correction policy or regulation also fails. *See Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (holding that "there is no § 1983 liability for violating prison policy."). Lastly, no claim may proceed based solely on the claim that the disciplinary charge which led to Plaintiff's conviction was false. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989).

I recognize that Plaintiff briefly alleges these violations were inflicted upon him in retaliation for filing other lawsuits. (Doc. No. 5 at 13.) He has failed, however, to plead any facts which would support this claim or render it plausible. Accordingly, this allegation should also be dismissed. *See Bell Atlantic Corp.*, 550 U.S. at 570.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Amended Complaint (Doc. No. 5) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C.

§ 1915(g).[2]

3.  The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 21st day of August, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."