IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**WILBERT LEZELL JOHNSON**  **PLAINTIFF**
ADC #84494

v. CASE NO. 1:15CV00081 BSM

**BAKER et al.** **DEFENDANTS**

### ORDER

After carefully considering the magistrate judge's proposed findings and recommended disposition ("RD") and plaintiff's objections, and reviewing the record *de novo,* the RD are adopted as to all claims except for Johnson's due process claim.

Johnson alleges that he was not permitted to appear at the disciplinary hearing resulting in his punitive isolation sentence. *See* Am. Compl. ¶¶ 22, 23, Doc. No. 5. This is sufficient to survive a motion to dismiss because, generally, prisoners have a due process right to appear at their own prison disciplinary hearings. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) (a *pro se* prisoner's complaint asserting a denial of due process in the steps leading to solitary confinement should survive a motion to dismiss); *Battle v. Barton*, 970 F.2d 779, 782 (11th Cir. 1992); *Moody v. Miller*, 864 F.2d 1178, 1180 (5th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 953 (2d Cir. 1986); *Finney v. Mabry*, 528 F. Supp. 567, 574 (E.D. Ark. 1981). Although this right is not absolute, a prison cannot deprive a prisoner of it without providing reasons that are logically related to the prison's institutional and correctional goals. *Ponte v. Real*, 471 U.S. 491, 497 (1985).

IT IS THEREFORE ORDERED that:

1  Plaintiff's due process claim based on his allegation that he was not permitted

2

to attend the hearing leading to his disciplinary confinement may proceed.

2	Plaintiff's remaining claims are dismissed without prejudice.

3	This case is remanded to the magistrate judge for further proceedings consistent with this order.

4	It is certified that an *in forma pauperis* appeal from this order would not be taken in good faith.  28 U.S.C. § 1915(a)(3)

IT IS SO ORDERED this 3rd day of September 2015.

*[signature: Brian S. Miller]*
UNITED STATES DISTRICT JUDGE