**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

WILBERT LEZELL JOHNSON                                                         PLAINTIFF

v.                                        1:15CV00081-BSM-JJV

BAKER, Sergeant, Grimes Unit; *et al.*                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District

Judge Brian S. Miller.   Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal basis

for the objection.  If the objection is to a factual finding, specifically identify that finding and

the evidence that supports your objection.  An original and one copy of your objections must

be received in the office of the United States District Court Clerk no later than fourteen (14)

days from the date of the findings and recommendations.  The copy will be furnished to the

opposing party.  Failure to file timely objections may result in waiver of the right to appeal

questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a hearing for this purpose before the District Judge, you

must, at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing (if such a hearing is granted) was

not offered at the hearing before the Magistrate Judge.

      3.    The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.    INTRODUCTION

Wilbert Lezell Johnson ("Plaintiff") brought this action *pro se* and pursuant to 42 U.S.C. § 1983.  (Doc. No. 5.)  He alleges Defendants Clinton Baker,[1] Terrie Bannister, Banks, Raymond Naylor, and Jada Lawrence violated his constitutional rights by denying him adequate process during prison disciplinary proceedings.  (*Id*. at 11-14.)  Specifically, Plaintiff alleges that his rights were violated when he was not allowed to attend a disciplinary hearing in January 2015.[2]  (*Id*. at 11.)  Now, Defendants have moved for summary judgment

---

[1]The docket currently lists this Defendant simply as "Baker." I will recommend that the Clerk of Court alter the docket to reflect his full name.

[2]Defendants state that Plaintiff has conflated two separate disciplinary incidents in his Amended Complaint.  They argue that Plaintiff received one disciplinary in October 2014 and it is undisputed that he was allowed to attend the disciplinary hearing relevant to this violation.  (Doc. No. 33-1 at 1-3; Doc. No. 34 at 2.)  The disciplinary violation at issue here was issued in December 2014. (Doc. No. 34 at 2.)  I will only consider allegations relevant to this second violation, since this action is proceeding exclusively on Plaintiff's claim that he was not allowed to attend the

on Plaintiff's claims[3] against them.  (Doc. No. 33.)  Plaintiff has not offered any substantive response to Defendants' Motion.  On March 29, 2016, he submitted 'objections' to the Motion wherein he argued that he lacked the legal expertise necessary to continue representing himself.  (Doc. No. 35.)  I declined to appoint Plaintiff counsel, but did offer him an extension of time to respond to Defendants' Motion.  (Doc. No. 37.)  The deadline has expired and Plaintiff has not submitted any responsive pleadings as of this date.

## II.     SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a

---

disciplinary hearing for this violation. (Doc. No. 8.)

[3]Plaintiff's Amended Complaint (Doc. No. 5) also contained claims against Defendants Faust, Evans, and Griffin. These defendants were previously dismissed, however. (Doc. No. 8.)

reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.   ANALYSIS

Defendants offer three arguments in support of their Motion. First, they contend Defendants Banks, Naylor, and Lawrence should be dismissed because they had no personal involvement in the alleged violation of Plaintiff's due process rights. Second, they argue Defendant Bannister is entitled to summary judgment because he had no involvement in determining whether Plaintiff would be allowed to attend his disciplinary hearing. Finally, Defendants state Plaintiff voluntarily waived his appearance at his disciplinary hearing and, as such, they cannot be held liable for failing to escort Plaintiff to that hearing. After review of the record and, for the reasons stated hereafter, I recommend that Defendants' Motion be granted.

The basis of this suit is that Plaintiff was issued a disciplinary violation in December 2014 and was not allowed to attend his disciplinary hearing in January 2015. Defendants have provided a sworn affidavit from Defendant Baker which indicates that Plaintiff was afforded an opportunity to attend this hearing, but voluntarily declined it. On January 5, 2015, Baker approached Plaintiff's cell and attempted to rouse and escort him to his scheduled disciplinary hearing. (Doc. No. 33-3 ¶ 1.) Plaintiff declined to get out of his rack

or to sign the waiver of appearance form. (*Id.* ¶¶ 2-4.)  Baker then prepared the waiver form and indicated Plaintiff had refused to either attend his hearing or sign the form.  (Doc. No. 33-4.)  Defendants emphasize that Baker had no discernable[4] motive for falsifying this form or preventing Plaintiff's appearance at the hearing insofar as he was not involved in the events giving rise to the disciplinary violation.  (Doc. No. 33-2 at 1.)  Beyond the unsupported allegations[5] in his Amended Complaint, Plaintiff has not provided any contradictory argument or evidence.  When confronted with a movant's sworn testimony on summary judgment, the non-movant must meet proof with proof.  *See Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010) ("When the movant makes a prima facie showing of entitlement to a summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.") (quoting *Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563, 569, 11 S.W.3d 531 (2000) (internal quotations omitted)).  Plaintiff has failed to do so and this action should be dismissed on this basis.[6]

---

[4]Plaintiff alleges Defendant Baker was implicated in a previous lawsuit and the instant due process violation was an act of retaliation for that suit. (Doc. No. 5 at 13.)  Baker was not a defendant in the case Plaintiff cites, however.  *See Johnson v. Hubbard, et al.*, 1:14-CV-00107-JM.

[5]Plaintiff himself acknowledges that Defendant Baker appeared at his cell on January 5, 2015, and told him he was scheduled for a disciplinary hearing. (Doc. No. 5 at 12.)  He alleges, however, that he was left waiting to be escorted and never signed any waiver form. (*Id.*)

[6]In reaching this conclusion, I find it unnecessary to decide whether Defendants Banks, Lawrence, Naylor, or Bannister had personal involvement in or responsibility for Plaintiff's inability to attend his disciplinary hearing.  In the event these recommendations are declined in whole or in part, I will, to the extent necessary, weigh these arguments in a subsequent recommendation.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      The Clerk of Court alter the docket to reflect that Defendant "Baker" is "Clinton Baker."

2.      Defendants' Motion for Summary Judgment (Doc. No. 33) be GRANTED and Defendants Clinton Baker,  Terrie Bannister, Banks, Raymond Naylor, and Jada Lawrence be DISMISSED with prejudice.

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 19th day of April, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE